**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

IVAN HERNANDEZ-MERCADO,

 Defendant-Appellant.

No. 99-3295
(D.C. No. 98-40116-01-RDR)
(Dist. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **BRISCOE**, Circuit Judges and **COOK**, Senior District Judge.[**]

 Appellant Ivan Hernandez-Mercado ("Mercado") appeals the district court's determination that he did not qualify for a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Mercado pled guilty to a violation of 21 U.S.C. § 841(a)(1), knowing and intentionally possessing methamphetamine with intent to distribute, and fully admitted his role in the crime; however, the district court gave Mercado an enhancement for obstruction

---

 * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

 ** The Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

of justice pursuant to U.S.S.G. § 3C1.1 after finding that Mercado lied about his co-defendant's role in the crime while testifying at the co-defendant's trial. Based on this fact, the district court denied a downward adjustment for acceptance of responsibility. Mercado appeals that determination. We affirm.

## BACKGROUND

On October 23, 1998, Mercado and Justino Hernandez-Dominguez ("Dominguez") were stopped for a traffic violation in Lincoln County, Kansas. Upon request, Mercado, the driver of the car, provided the officer with his license, registration, and proof of insurance. The officer spoke to the two men in English and Spanish.[1] Mercado spoke English and Spanish when responding to the officer's questions, and the officer testified that he did not have problems communicating with Mercado. The officer spoke mostly Spanish when communicating with Dominguez, who seemed to have more trouble speaking English.

The officer had Mercado sit in the patrol car while he ran checks on Mercado's license and verified that Mercado was the owner of the vehicle. In response to the officer's questioning, Mercado told the officer that he and Dominguez had been in Los Angeles attending his cousin's wedding for two days,

---

[1] Although the officer who made the stop is not fluent in Spanish, he had taken 40 hours of "street Spanish" through the Kansas Highway Patrol Training Academy as well as several semesters of Spanish in high school.

and were driving from Los Angeles to Atlanta. The officer noticed that Mercado appeared nervous as he was asking him questions and that Mercado was avoiding eye contact. When the officer asked Mercado where he worked, Mercado first said Los Angeles, and then changed his answer to Atlanta. Although Mercado told the officer he had been living in Atlanta for the past three months, he had a driver's license issued just three months earlier from Miami Beach, Florida. The officer asked Mercado if he had a green card and Mercado responded that he did not. The officer asked Mercado if he was an illegal alien, and Mercado indicated he was by nodding his head. At that point, dispatch advised the officer that Mercado had a valid license and no criminal history. The officer then told Mercado he could take a seat back in his own vehicle.

The officer had Dominguez take a seat in the patrol car. At this time, the officer noticed that both Mercado and Dominguez had pagers on their belts. The officer asked Dominguez for identification, and he responded that he had none. The officer asked Dominguez if he had a green card, and he responded that he did not. The officer ultimately obtained from Dominguez a Mexican federal ID card indicating his name and date of birth. A check revealed that there were no warrants under that name and date of birth. In response to the officer's questions, Dominguez stated that he and Mercado had been in Los Angeles visiting their

- 3 -

friend Roberto, but could not give a specific answer as to how many days they had been in Los Angeles.

The officer obtained voluntary consent to search the car from both Dominguez and Mercado. During the search, the officer looked in the trunk and saw a spare battery, which raised his suspicions because he had heard of narcotics being smuggled in batteries. The officer then looked under the hood, pulled the top off of the battery, and found vacuum packed packages of methamphetamine. At that point, the officer placed Mercado and Dominguez under arrest and Mirandized them in English. They were transported to the Lincoln County Jail, where both were again Mirandized, this time in Spanish by an officer who was a native speaker of the language.

The two men were then interviewed separately. During those interviews. Mercado told the officers that he and Dominguez were working for someone in Los Angeles named La Bota. He also told them that on October 28, 1998, he *and* Dominguez met with an unknown individual in the parking lot of a Los Angeles mall, where their car battery was removed and replaced with a device that appeared to be a battery, but in fact contained a false compartment packed with methamphetamine. Mercado further told the officers that Dominguez was the main contact who "set the load of methamphetamine up." Mercado told the

officers that he and Dominguez were supposed to get $3,000 for delivering the battery to La Bota's brother in Atlanta.

Dominguez separately told the officers that he knew of the agreement to transport the methamphetamine, and that he knew the designated recipient of the drugs. He also said that he had introduced Mercado to the recipient. Dominguez told the officers the name of the apartment complex where the recipient lived and showed them La Bota's number on his pager. He also explained to them how the false compartment worked on the battery. Dominguez further admitted to being present in the Los Angeles parking lot where the battery was removed from the car and replaced with the new battery containing the methamphetamine.

Following the interviews with Mercado and Dominguez, the officers had Mercado and Dominguez place some recorded telephone calls to set up a controlled buy. At least one of the attempted phone calls to La Bota was placed by Dominguez. The controlled buy eventually fell apart, and on December 16, 1998, an indictment was filed against both men charging two counts. Count I alleged that defendants Mercado and Dominguez knowingly and intentionally possessed, with the intent to distribute, approximately 1,992 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Count II alleged that on or about October 20, 1998, and continuing until October 23, 1998, Mercado and Dominguez knowingly, willfully,

and unlawfully conspired to possess with intent to distribute approximately 1,992 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.

On June 1, 1999, Mercado pled guilty to Count I and fully admitted his role in the crime. In return for the plea, the government agreed to bring no further charges against Mercado, to drop Count II, to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and not to object to application of the "safety-valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2.

At the time of his guilty plea, Mercado made a statement taking complete responsibility for the drug shipment, and attempted to exonerate his co-defendant Dominguez. At the trial of Dominguez, Mercado testified, contrary to his earlier statement to officers, that Dominguez knew nothing about the drugs in the car and that Dominguez did not go with him to the mall parking lot to have the battery with the false compartment placed in the car.

At Mercado's sentencing hearing, the district court determined that Mercado had committed perjury during the trial of his co-defendant, Dominguez. Specifically, the court found that Mercado's testimony that Dominguez knew nothing about the drugs was directly contrary to what Mercado had told the police after his arrest, and was inconsistent with a transcribed telephone conversation

with La Bota.  Finding that these statements were material to whether Dominguez

knowingly conspired to possess methamphetamine, and that the statements were

willfully made and not the result of confusion or mistake, the court concluded that

Mercado committed perjury.  The court therefore gave Mercado an enhancement

for obstruction of justice.

The district court went on to note that obstruction of justice is normally

considered inconsistent with acceptance of responsibility, and that a defendant is

granted credit for acceptance of responsibility while also being penalized for

obstruction of justice only in "extraordinary" situations.  See U.S.S.G. § 3E1.1,

application note 4.  The court found that this was not such a situation, and thus

denied Mercado a downward adjustment for acceptance of responsibility.

Mercado now appeals.

## DISCUSSION

On appeal, Mercado does not challenge the district court's enhancement for

obstruction of justice.  Rather, he only challenges the district court's denial of a

downward adjustment for acceptance of responsibility.

> We review the "acceptance of responsibility" determination as a
> question of fact under the clearly erroneous standard. As such, the
> trial court's determination of whether a defendant has accepted
> responsibility is subject to great deference on review and should not
> be disturbed unless it is without foundation.  However, while we
> must give due deference to the district court's application of the

guidelines to the facts, we review the application of the guidelines fully for errors of law. Pure questions of interpretation of the sentencing guidelines, which are closely analogous to questions of statutory interpretation, are questions of law. We review questions of law de novo.

United States v. Amos, 984 F.2d 1067, 1071-72 (10th Cir. 1993) (internal quotations and citations omitted).

Section 3E1.1 of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). The commentary to that section provides that an obstruction of justice enhancement pursuant to § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," but adds that "there may . . . be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, application note 4. The question before us is whether the district court erred in determining that this is not one of those extraordinary cases. We believe that it did not.

In determining whether a defendant is eligible for a downward adjustment for acceptance of responsibility, the application notes to the Guidelines state that an appropriate consideration is a defendant's act of

truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not

> required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under [§ 3E1.1(a)]. A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

U.S.S.G. § 3E1.1, application note 1(a). Relevant conduct includes "in the case of a jointly undertaken criminal activity (. . . whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

Here, Mercado lied about his co-defendant's knowledge of the drugs in the car and lied about his co-defendant's involvement in picking up the drugs in Los Angeles. The act of picking up the drugs in Los Angeles is an act in furtherance of the jointly undertaken criminal activity. Moreover, a defendant's lie about the involvement of a co-conspirator hinders investigators from determining all acts committed in furtherance of the jointly undertaken criminal activity. See United States v. Patron-Montano, 223 F.3d 1184, 1190 (10th Cir. 2000); see also United States v. Murray, 65 F.3d 1161, 1165-66 (4th Cir. 1995) (holding that a defendant who denied involvement of co-defendant during co-defendant's trial had intentionally misled law enforcement officers and should not receive a downward adjustment for acceptance of responsibility). Thus, Mercado's perjury constituted the false denial of relevant conduct.

This court recently stated in <u>Patron-Montano</u>:

Although it would be error for a district court to categorically deny the § 3E1.1 decrease simply because a defendant lied about relevant conduct, the court can properly consider a defendant's lie about relevant conduct in evaluating the defendant's eligibility for a § 3E1.1 decrease. When a sentencing court concludes that a defendant lied about relevant conduct, the court could, in an exceptional case, still give a reduction for acceptance of responsibility.

<u>Patron-Montano</u>, 223 F.3d at 1191. Here, there is no evidence demonstrating that this is an extraordinary case in which a reduction of responsibility is merited despite the defendant's lie about relevant conduct. It is Mercado's burden to prove that he is entitled to a decrease for acceptance of responsibility under § 3E1.1, <u>see</u> <u>United States v. Nelson</u>, 54 F.3d 1540, 1544 (10th Cir. 1995), and he has failed to meet that burden. Thus, the district court properly denied the § 3E1.1 decrease.

## CONCLUSION

We AFFIRM the district court's denial of the downward adjustment for acceptance of responsibility.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 10 -